I concur with the majority opinion in its entirety. However, I wish to make it abundantly clear that, as set forth in the majority opinion, this case was needlessly lost in the transition between county prosecutors. The outgoing prosecutor failed to advise the incoming administration of the status of the agreements between the prosecutor's office and three of the four individuals involved in this incident. However, the incoming prosecutor's office is not entirely blameless. On January 23, 1997, Appellant appeared in the juvenile court where the trial court generally laid out the terms of the agreement as set forth in the majority opinion. The incoming prosecutor's juvenile division assistant was present at that hearing. Despite this agreement, some fifteen months later the aggravated murder charge was filed against Appellant.
All three of the surviving occupants of the vehicle the night Ms. Thompson was shot and killed were at one time or another charged with her murder. The chaos created by the prosecutor's offer of either a plea or non-prosecution agreement to all three men for their testimony against each other, has resulted in Ms. Thompson's death going unpunished. This is a tragic result of the breakdown in our criminal justice system.
However, a much more important principle is upheld when we do not create another wrong by perpetuating an injustice against this individual. Thus, our decision strengthens and preserves the integrity of our criminal justice system. As noted in the majority opinion, the prosecutor's discretion as to whom is to be charged for a crime remains intact. Likewise, the integrity of the prosecutor's office has been preserved as this court is holding that office to the promises it made.